**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MARIA ELENA RAMIREZ,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No.: PWG-14-3819** |
| **WELLS FARGO BANK, N.A.,** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maria Elena Ramirez, *pro se*, filed a Complaint in the Circuit Court for Montgomery County with regard to her real property, 12227 Kendall Street, Silver Spring, Maryland 20902 (the "Property"), claiming that Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Rosenberg & Associates, LLC ("Rosenberg"), Mortgage Electronic Registration Systems, and 100 John Doe Defendants mishandled her loan on the Property and did not have the right to initiate the foreclosure proceeding that currently is pending in state court. Compl., ECF No. 2. Wells Fargo removed the case to this Court, ECF No. 1, and then moved to dismiss, ECF No. 21, as did Rosenberg, ECF No. 20, the only other Defendant to have been served.[1] Because Plaintiff's conclusory pleadings fail to state a claim, Defendants' motions ARE GRANTED.

---

[1] The Court notified Plaintiff of her deadline for opposing Defendants' motions, ECF No. 22, but Plaintiff has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

## I.      BACKGROUND

As best I can discern by reading the Complaint and taking judicial notice of the Montgomery County Circuit Court docket, *see* Fed. R. Evid. 201(b)(2), 803(8)(a)(i), 901(b)(5), Plaintiff executed a promissory note (the "Note") to obtain a mortgage loan and purchase the Property, and the Property now is the subject of a foreclosure proceeding in state court.[2]  Compl. ¶¶ 12–13; *see Rosenberg v. Ramirez*, Case No. 379434V (Montgomery Cnty. Cir. Ct.), http://casesearch.courts.state.md.us/casesearch/.   According to Plaintiff, Wells Fargo is her mortgage servicer and Rosenberg is a trustee on the Deed of Trust associated with the Property. *Id.* ¶¶ 3, 5. Plaintiff claims the Deed of Trust is fraudulent.  Compl. ¶ 13.   She also states that she stopped making payments on the loan in "February 2008 when the interest changed from 7% interest rate to 11.950% interest rate" and Wells Fargo did not agree to the "permanent modification on the terms of her note" that she sought. *Id.* ¶¶ 14–15.  This "dispute" apparently caused her to question which "entity [holds] the rights under the NOTE . . . as a holder in due course."   *Id.* ¶¶ 16, 18–19. She filed suit alleging negligence, fraud and deceit, breach of contract, unjust enrichment, invalid substitution of trustee and fraudulent conveyance, and a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and seeking monetary damages as well as an order to quiet title and a declaratory judgment.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency

---

[2] For purposes of considering Defendant's Motion to Dismiss, this Court accepts as true the facts that Plaintiff alleged in the Complaint.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).

Plaintiff is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

## III.    DISCUSSION

### A.  Negligence

Plaintiff claims that Defendants, her mortgage servicer and the trustee on the Deed of Trust for the Property,

> acting as Plaintiff'[s] lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiff to avoid errors . . . .

Compl. ¶ 22. She alleges that they "breached the duty of care . . . owed to Plaintiff in the servicing of Plaintiff loan" and "failed to use care common in the industry . . . by, among other things, failing to properly and accurately credit payments made by Plaintiff toward the loan, [and] preparing and filing false documents." *Id.* ¶ 23

To state a claim for negligence, Plaintiffs must allege "(a) a duty owed by the defendant[s] to the plaintiff[s], (b) a breach of that duty, and (c) injury proximately resulting from that breach." *Barclay v. Briscoe*, 47 A.3d 560, 574 (Md. 2012). It is well established under Maryland negligence law that, under most circumstances, a lender does not owe a duty to a borrower. *See Donnelly v. Branch Banking and Trust Co*., --- F. Supp. 3d ----, 2015 WL 926022, at *10 (D. Md. March 3, 2015) (citing *Jacques v. First Nat'l Bank of Md*., 515 A.2d 756, 759 (Md. 1986); *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992)).

> The Maryland Court of Special Appeals has recognized four "special circumstances" that can give rise to a tort duty between a bank and its customer where
>> the lender "(1) took on any extra services on behalf of [the borrowers] other than furnishing the money for construction of a home; (2) received any greater economic benefit from the transaction other than the normal mortgage; (3) exercised extensive control over the construction; or (4) was asked by [the borrowers] if there were any lien actions pending."

*Donnelly*, 2015 WL 926022, at *10 (quoting *Parker*, 604 A.2d at 533 (citations omitted)).

Plaintiff has not alleged any such circumstances or other "special circumstances" giving rise to a fiduciary relationship under which to impose a fiduciary duty on either Defendant as a lending institution. *See id.* Nor has she identified any independent duty that Rosenberg owed

her as a trustee.   Therefore, Plaintiff has failed to establish the duty element of her claim for

negligence.  *Dynacorp Ltd.*, 56 A.3d at 685 n.46.  Defendants' Motion to Dismiss is granted with

regard to this claim.  *See* Fed. R. Civ. P. 12(b)(6).

### B.  "Fraud and Deceit" and "Invalid Substitution of Trustee by Rosenberg & Associates, LLC. and Fraudulent Conveyance"

Plaintiff claims "fraud and deceit" based on Defendants allegedly inducing her "to

borrow money from [them] with terms and conditions that were cryptically oppressive,

burdensome and calculated to cause the Note to go into default."  Compl. ¶ 26.  She also includes

a count for "Invalid Substitution of Trustee by Rosenberg & Associates, LLC. and Fraudulent

Conveyance," in which she appears to claim that Rosenberg's appointment of a successor trustee

was not valid and resulted in some form of a "fraudulent conveyance." Compl. ¶ 51.  Insofar as

the claim is for an invalid substitution of a trustee, it is noteworthy that "a cause of action is a set

of facts which would justify judgment for the plaintiff under some *recognized* legal theory of

relief."  Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Maryland* 2

(MICPEL 4th ed. 2008) (emphasis added); *see Pepper v. Johns Hopkins Hosp.*, 680 A.2d 532,

542 (Md. Ct. Spec. App. 1996), *aff'd*, 697 A.2d 1358 (Md. 1997).  "Invalid Substitution of

Trustee" is not a recognized statutory or a common law theory of relief, and Plaintiff has

provided no authority to the contrary.  Therefore, Plaintiff has not pleaded facts for which this

Court could provide relief, if Plaintiff were to prevail on the merits.  *See* Sandler & Archibald,

*Pleading Causes of Action in Maryland* 2; Fed. R. Civ. P. 8(a)(2).

As for Plaintiff's fraud allegations, they must meet the "heightened pleading standard

under Rule 9(b)."  *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549,

at *5 (D. Md. Jan. 22, 2013) (discussing pleading fraud); *Nat'l Mortg. Warehouse, LLC v.

Trikeriotis*, 201 F. Supp. 2d 499, 504–055 (D. Md. 2002) (discussing pleading fraudulent

conveyance). Failure to comply with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). *Nat'l Mortg. Warehouse*, 201 F. Supp. 2d at 504 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999). "[A]llegations [of fraud] typically 'include the "time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.""" *Piotrowski*, 2013 WL 247549, at *5 (citations omitted); *see Spaulding v. Wells Fargo Bank, N.A.*, No. 12-1973, 2013 WL 1694549, at *9 (4th Cir. Apr. 19, 2013). Plaintiff's threadbare, conclusory allegations do not meet this heightened standard, as she does not "'include the "time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.""" *Piotrowski*, 2013 WL 247549, at *5. Therefore, these counts must be dismissed for failure to state a claim. *See id.*; Fed. R. Civ. P. 9(b), 12(b)(6).

## C. Breach of Contract

Plaintiff claims that Defendants breached "the terms of the promissory note by failing to apply the payments made and credits due to the loan account" and then "overcharg[ing] in interest and principal." Compl. ¶ 34. A breach of contract is "a failure without legal excuse to perform any promise which forms the whole or part of a contract . . . ." *In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (quoting *Conn. Pizza, Inc. v. Bell Atl.-Wash., D.C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996) (quoting *Weiss v. Sheet Metal Fabricators, Inc.*, 110 A.2d 671, 675 (Md. 1955)) (quotation marks omitted)). To plead "breach of contract under Maryland law, a complaint must "'allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.""" *Willis v. Bank of Am. Corp.*, No. ELH-13-2615, 2014 WL 3829520, at *37 (D. Md.

Aug. 1, 2014) (quoting *Polek v. J.P. Morgan Chase Bank, N.A.*, 36 A.3d 399, 416 (Md. 2012) (citation and emphasis omitted)).

It is undisputed that Plaintiff and Wells Fargo were parties to the Note.  Wells Fargo Mem. 10; Compl. ¶ 34.   But, Plaintiff does not identify any of the terms that Wells Fargo purportedly breached or allege when or the extent to which Defendants either overcharged her or failed to apply payments she made.  Nor has Plaintiff attached the Note or any documentation of how Wells Fargo processed her payments to the Complaint.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). And, with regard to Rosenberg, Plaintiff has not even alleged that a contract existed between Rosenberg and her.  Consequently, this count must be dismissed as to both Defendants for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6); *Willis*, 2014 WL 3829520, at *7 (D. Md. Aug. 1, 2014) (dismissing claim for breach of contract when plaintiff "failed to identify any terms in the Note, Deed of Trust, or any other contract that defendants purportedly breached"); *Parillon v. Fremont Inv. & Loan*, No. L-09-3352, 2010 WL 1328425, at *4 (D. Md. Mar. 25, 2010) (dismissing breach of contract claim on same basis).

### D.  Unjust Enrichment

Plaintiff also claims that Defendants were unjustly enriched "by the receipt of monies from plaintiff."  Compl. ¶ 36.  The elements of this cause of action are:

1. A benefit conferred upon the defendant by the plaintiff;
2. An appreciation or knowledge by the defendant of the benefit; and
3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007).

With regard to Wells Fargo, it is significant that, when an express contract is present, a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See Froelich v. Erickson*, 96 F. Supp. 2d 507, 524 (D. Md. 2000), *aff'd sub nom. Froelich v. Senior Campus Living, LLC,* 246 F.3d 664 (4th Cir. 2001). As noted, it is undisputed that the Note is a contract between Plaintiff and Wells Fargo.  Therefore, Plaintiff's unjust enrichment claim against Wells Fargo is dismissed.  *See id.*

As for Rosenberg, Plaintiff has not alleged any of the three elements of unjust enrichment beyond stating that Defendants retained her money.  This is not even a recitation of the elements, and is insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678–79.  Plaintiff's unjust enrichment claim against Rosenberg also is subject to dismissal.  *See* Fed. R. Civ. P. 12(b)(6).

### E.  Declaratory Relief and Quiet Title

Plaintiff requests that the Court declare the rights of the parties under the Note.  Compl. ¶ 45.  As best I can discern, Plaintiff seeks a declaration that she alone holds title to the Property and that Defendants do not have the right to foreclose on the Property.  *See id.* ¶¶ 40–44. Similarly, Plaintiff requests that the Court issue an order to quiet title to the Property and to prevent the pending foreclosure.  *Id.* ¶ 40.  Any such declaration would be tantamount to an injunction to stay the foreclosure proceedings that are pending in state court.  The Anti–Injunction Act, 22 U.S.C. § 2283, provides that federal courts may not grant such an injunction. *Tucker v. Specialized Loan Servicing, LLC*, ---- F. Supp. 3d ----, 2015 WL 452285, at *2 (D. Md. 2015) (collecting cases reaching this conclusion and noting that, "if a plaintiff requests 'a declaration that the [plaintiff's] mortgage and note are unenforceable,' the request 'preempts the foreclosure and has "the same effect" as [a] request for an injunction to prevent foreclosure; both "result in precisely the same interference with and disruption of state proceedings that the long-

standing policy limiting injunctions was designed to avoid"'" (citations omitted)); *see Denny's, Inc. v. Cake,* 364 F.3d 521, 528 (4th Cir. 2004) (stating that Anti-Injunction Act applies to "a declaratory judgment that would have the same effect as an injunction"); *Hernandez v. Federal Nat'l Mortg. Ass'n*, No. 14-7950 (WJM), 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) (dismissing quiet title claim because it "r[a]n afoul of the Anti–Injunction Act"); *Hack v. Wachovia Bank, N.A*., No. 12-21436, 2012 WL 3043017, 3 (S.D. Fla. July 25, 2012) ("This Court cannot rule on the legal claims to quiet title and for declaratory relief because the Anti–Injunction Act prevents this Court from ending a state court proceeding except for limited circumstances not present in the instant case.").

Additionally, the Property "already is the *res* (the subject) of an ongoing in rem action" in state court, and "it is well-settled that the court controlling the property for purposes of the earlier-filed suit has jurisdiction over the property, and the court in which the later equity action was filed lacks jurisdiction." *See Tucker*, 2015 WL 452285, at *3 (citing, *e.g.*, *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939); noting that principle is referred to as "prior exclusive jurisdiction doctrine").   While Plaintiff, like the plaintiffs in *Tucker*, seeks monetary damages in most of her claims, she seeks equitable relief in the form of a declaratory judgment and an order to quiet title in two counts. Therefore, even if the Anti–Injunction Act did not bar these counts, "the prior exclusive jurisdiction doctrine would mandate [their] dismissal." *See id.*; *Princess Lida*, 305 U.S. at 466.

Moreover, a person in "peaceable possession of property" only can maintain a quiet title action "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim."  Md. Code Ann., Real Prop. § 14-108.  Put another way, a "pending foreclosure proceeding [is a] bar [to a] quiet title claim."  *Anand v.*

*Ocwen Loan Servicing, LLC*, 754 F.3d 195, 197 n.1 (4th Cir. 2014). Because the foreclosure action with regard to the Property is pending, Plaintiff cannot maintain her claim for quiet title. *See* Real Prop. § 14-108; *Anand*, 754 F.3d at 197 n.1. Thus, this Court cannot grant Plaintiff's request for a declaratory judgment or quiet title, but rather must dismiss the declaratory judgment and quiet title claims. *See Tucker*, 2015 WL 452285, at *2–3; Real Prop. § 14-108; *Anand*, 754 F.3d at 197 n.1.

### F.   Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Plaintiff claims that Defendants violated the Fair Debt Collection Practices Act by "asking, demanding, soliciting, threatening and oppressively, wrongfully seeking for sums in payment of a debt not established nor proved and not due or validated." Compl. ¶ 49.  To state a claim for relief under the FDCPA, which "'protects consumers from abusive and deceptive practices by debt collectors,'" Plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir.1996) (quotation omitted)); *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, No. ELH-12-752, --- F. Supp. 2d ---, 2013 WL 932525, at *17 (D. Md. Mar. 11, 2013).  Rosenberg argues for dismissal on the grounds that "Plaintiff has only set forth a general recitation of the elements of a FDCPA violation without any factual support."  Rosenberg Mem. 7.  Indeed, Plaintiff does not state a "plausible claim for relief" for this reason: she provides "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *See Iqbal*,

556 U.S. at 678–79. Therefore, the FDCPA claim must be dismissed with regard to both Defendants. *See id.*; Fed. R. Civ. P. 12(b)(6).

Additionally, Wells Fargo is correct that it cannot be liable because it "is not a 'debt collector' under the FDCPA." Wells Fargo Mem. 12. A "debt collector" is "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Simply put, "a party qualifies as a debt collector where it operates a business that has the principal purpose of collecting debts or regularly attempts to collect debts that are owed to another." *Goia v. CitiFinancial Auto*, No. 12-12639, 2012 WL 6013206, at *6 (11th Cir. 2012). "Notably, "the FDCPA does not apply to any person collecting on a debt that it 'originated.'" *Ademiluyi*, 2013 WL 932525, at *13 (quoting 15 U.S.C. § 1692a(6)(F)(ii)). Thus, "'creditors are not liable under the FDCPA.'" *Eley v. Evans*, 476 F. Supp. 2d 531, 534 (E.D. Va. 2007) (quoting *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003)). Therefore, Wells Fargo, as the creditor, cannot be liable under the FDCPA, *see id.*; *Ademiluyi*, 2013 WL 932525, at *13, and the Complaint does not allege any facts that Wells Fargo's actions were in any capacity other than as a creditor. For this reason also, the FDCPA claim against it must be dismissed.

## **ORDER**

Accordingly, it is this <u>24th</u> day of <u>August</u>, <u>2015</u>, hereby ORDERED that:

1. Defendants' Motions to Dismiss, ECF Nos. 20 & 21, ARE GRANTED;

2. Plaintiff's Complaint IS DISMISSED;[3] and

3. The Clerk IS DIRECTED to send a copy of this Memorandum Opinion and Order to

Plaintiff and to CLOSE THE CASE.

_____/S/_____

Paul W. Grimm

United States District Judge

lyb

---

[3] Due to the insufficiencies in Plaintiff's pleading, she also has not stated a claim against Mortgage Electronic Registration Systems or the 100 John Doe Defendants that have not been served.  Therefore the Complaint is dismissed in its entirety.